**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

United States Magistrate Judge Gordon P. Gallagher

Criminal Action No. 18-cr-331-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICARDO DANIEL-ZEFERINO,

Defendant(s).

---

GRAND JUNCTION SPECIFIC SETTING AND TRIAL PREPARATION ORDER FOR CRIMINAL ACTIONS FALLING WITHIN THE WESTERN SLOPE PROTOCOL

I.      ORDERS APPLICABLE TO ALL GRAND JUNCTION PROTOCOL CASES

II.     ADDITIONAL ORDERS APPLICABLE TO <u>MULTI-DEFENDANT</u> GRAND JUNCTION PROTOCOL CASES

---

**I.      ORDERS APPLICABLE TO ALL GRAND JUNCTION PROTOCOL CASES**

THIS MATTER has already come before the Court for setting of trial and pretrial deadlines. The Court has addressed deadlines applicable pursuant to the Speedy Trial Act (18 U.S.C. §3161, *et. seq.*) and this Order is issued in accordance with the Speedy Trial Act and the Local Rules of the United States District Court for the District of Colorado. This Order may not be modified by agreement of the parties. Upon timely application, however, either or both

parties may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.

### A. TRIAL AND MOTIONS SETTING

1. The initial trial setting in this matter is for a trial to a jury of twelve, plus alternates, in the United States District Court for the District of Colorado, Wayne Aspinall Courthouse, Room 323, in Grand Junction, Colorado. Motions to suppress and other pretrial motions shall be filed and briefed on the schedule already set by the Court. Absent a specific directive to the contrary, responses to all other motions in this case shall be filed within seven days of the motion's filing. The government's response to any suppression motion shall include the estimated time needed for an evidentiary hearing on the motion.

2. A final pretrial conference/motions hearing has been set in the Alfred Arraj Courthouse, Room 901, Denver, Colorado. If no motions are pending at the time of the hearing, this hearing will be a final pretrial conference. If motions are pending, the hearing will automatically be converted to a non-evidentiary motion hearing. At the hearing, non-evidentiary motions will be resolved or set for further determination, evidentiary motions will be set for hearing, and trial may be set. Please confer prior to the hearing to determine whether issues are in dispute, then narrow the issues to be determined.

3. A request for a *James* determination shall be made through a jointly filed motion accompanied by a completed chart in conformance with Exhibit A attached hereto. Absent extraordinary circumstances, the determination will be made on the papers and without a hearing. The Court will issue a written advisory ruling, premised upon the assumption that all identified evidence as to the alleged conspiracy is admitted at trial and a proffer of the identified statements pursuant to Fed.R.Evid. 801(d)(2)(E) is made.

A. PLEA AGREEMENTS

Local Rule D.C.COLO.LCrR 11.1 is applicable in this matter. Absent Court Order, a Notice of Disposition shall be filed no later than 14 days before the trial date. At the Change of Plea Hearing, the original of the Plea Agreement and Statement in Advance should be marked as exhibits. If an Information is to be proffered, it should be marked as well. Oral motions to dismiss counts pursuant to the Plea Agreement can be made at the Change of Plea Hearing, and if granted, the order of dismissal will be stayed until the time of sentencing.

B. TRIAL PREPARATION REQUIREMENTS

1. **Conflicts in Scheduling**. Continuances of the trial will be granted only in truly exceptional circumstances upon grounds satisfying the provisions of the Speedy Trial Act

2. **Motions and Jury Instructions**. All motions *in limine* and proposed jury instructions must be filed no later than the day before the final trial preparation conference. All instructions submitted should contain language which is gender neutral or gender correct. Instructions should contain the caption "Instruction No.____" and the supporting authority, but no other titles or numbers. To the extent the parties stipulate to facts, those stipulations should be set forward in a standalone jury instruction. The Court typically reads the Indictment to the *venire* as part of jury selection; to the extent that redactions to the Indictment are warranted for this purpose, the parties shall tender a redacted Indictment with their proposed jury instructions.

3. **Witness List**. No later than the day before the final trial preparation conference, the Government shall file the final Witness List on the form prescribed by the Court.[1] Because this document will also be used by the Court reporter, please be sure that first and last names

---

[1] Unless otherwise noted, all forms and procedures referenced in this Order can be found on the Court's website, www.cod.uscourts.gov, by following the links for Rules and Procedures -> Judicial Practice Standards -> Hon. Marcia S. Krieger.

are spelled correctly (using initial capital letters only for proper names) and that any pseudonyms or maiden names that might be used are also noted.

4. **Exhibit List**. Prior to the conference, counsel shall confer and agree upon the manner of labeling exhibits. Pursuant to such agreement, no later than the day before the final trial preparation conference, the Government will file an Exhibit List on the form prescribed by the Court. If their use is anticipated, demonstrative exhibits and documents used to refresh memory shall also be listed on the Exhibit List.

Regardless of the manner of publishing exhibits that will be used at trial, all documentary exhibits shall also be available to the Court and to witnesses in hard copy in three-ring notebooks or folders. The notebook or folder labeled with the following information: (i) caption, (ii) charges, (iii) scheduled date and time, (iv) parties name and designation and (v) "original" or "copy," and delivered to the CRD at the final trial preparation conference.

5. ***Voir Dire* Questions**. The Court will conduct *voir dire*. Counsel may submit proposed *voir dire* questions no later than the day before the final trial preparation conference.

6. **Terminology**. At least one week before the final trial preparation conference, parties shall file a glossary of any unusual or technical terminology. The glossary should also include names of persons who will be mentioned during the course of trial but are not parties to the litigation. Proper names shall have initial capitals only.

7. **Video and Special Equipment**. If you intend to use electronic equipment advise the courtroom deputy clerk at least two weeks before trial and make an appointment for training.

8. **Trial Briefs**. Please advise the Court at the final trial preparation conference if you wish to file trial briefs. Briefs shall be filed on a date to be set by the Court. Unless otherwise specified, trial briefs shall be limited to 5 pages.

9.  **Issues to be addressed at the Final Trial Preparation Conference**.

The parties shall be prepared to address the following issues:

- jury selection;
- sequestration of witnesses;
- timing of presentation of witnesses and evidence;
- anticipated evidentiary issues (need for scheduling of hearings outside the presence of the jury);
- any stipulations as to fact or law; and
- any other issue affecting the duration or course of the trial.

## II.   ADDITIONAL ORDERS APPLICABLE ONLY TO MULTI-DEFENDANT CASES

It is the Court's experience that multi-Defendant criminal cases often present unusual and significant administrative challenges for both counsel and the Court. In an attempt to preemptively alleviate some of those burdens, and to expressly advise counsel of procedures that the Court will follow, the following procedures will apply to all cases with more than one Defendant.

(1)   The Magistrate Judge determine speedy trial issues, set pretrial deadlines, issue recommendations with regard to pretrial motions, or give advisements under Fed.R.Crim.P. 11 in the context of a change of plea only in situations were all Defendants in the case have given consent. In the absence of complete consent, all such matters involving any Defendant (consenting or not) will be heard by Judge Krieger.

(2)   All documents filed by any party in this case shall bear the complete case caption. If a document pertains only to a particular Defendant or Defendants, the name of such Defendant or Defendants shall be in **bold** print on the caption. The caption is deemed amended and the name of a Defendant may be removed from the caption upon the completion of the sentencing of that Defendant.

(3)   If a Defendant files a Notice of Disposition, that Defendant and his or her counsel are excused from participating in all subsequent hearings except for hearings which

5

pertain to that Defendant, *i.e.*, change of plea and sentencing hearings.

(4)     If counsel for a Defendant is unable to attend a hearing, that Defendant may file a motion to allow substitute counsel to represent him or her at such hearing. Such motion must be accompanied by a statement that the Defendant consents to representation by substitute counsel at the particular hearing.

(5)     Except as may otherwise be directed by the Court, any Defendant who has not filed a Notice of Disposition shall attend all scheduled hearings (apart from change of plea or sentencing hearings for co-Defendants who have filed Notices of Disposition) with his or her counsel. If any Defendant or defense counsel desires to waive his or her appearance at any hearing, an appropriate motion shall be filed no later than 3 business days prior to the hearing.

(6)     With regard to any Defendant who is not in custody, a motion seeking leave to allow the Defendant to travel shall be filed at least 5 business days before the requested travel date. No such motion will be granted unless the pre-trial supervision office is in agreement and either (a) the Government files written assent to the travel at least 2 business days before the requested travel date or (b) the motion is stipulated.

(7)     If a Defendant wishes to adopt the arguments made in a co-Defendant's motion, the Defendant shall <u>not</u> file a "Motion to Join" in the co-Defendant's motion. Instead, the Defendant should file a motion whose caption and body identifies the specific relief requested, and which simply incorporates by reference the arguments raised by the co-Defendant's motion (identifying the motion being incorporated by docket number wherever possible).  Alternatively, where it is possible for counsel to collaborate in drafting, a single motion seeking relief on behalf of multiple Defendants is helpful in minimizing docket sheet congestion.

(8)     At any hearing on motions, counsel shall be responsible for monitoring the disposition of their own motions. Please note their docket numbers. If a motion is not

addressed by the Court at the hearing, and counsel do not request a ruling on the motion, the motion may be deemed denied as abandoned. Note that the initial scheduled motions hearing is non-evidentiary. Where an evidentiary presentation is necessary to resolve a particular motion, the Court will specifically set a date for an evidentiary hearing in consultation with counsel.

(9) Please be aware of the Court's specific procedures on the following points:

(a) <u>Severance:</u> Although the general motions deadline governs the filing of motions to sever, typically, the Court will not rule on motions seeking severance until the time of the Pretrial Conference, at which point the contours of the case to be tried have become clearer.

(b) <u>*James* proffers</u>: The Court does not typically conduct hearings on requests for *James* determinations of the admissibility of co-conspirator statements. When a *James* issue is raised, the Government shall make a written proffer containing:

(i) identification of the facts showing the existence, composition, scope, and object of the conspiracy; and

(ii) a specific identification of each statement that is to be offered, its dedeclarant, and an explanation as to how that statement is admissible under Fed.R.Evid. 801(d)(2).

This proffer is made on the form attached to this Order. The form also includes a place to state the nature of such objection. Upon its review of a completed proffer, the Court will usually issue a written ruling either: (i) finding the proffer to be *prima facie* adequate to permit the admission of the co-conspirator testimony under Rule 801(d)(2), subject to the Government establishing the necessary foundational facts at trial; or (ii) finding that specific statements are inadmissible under Rule 801(d)(2).

(c) <u>Rule 702 issues</u>: A party's disclosure of expert opinions under Fed.R.Crim.P. 16 shall sufficiently identify the foundational facts necessary to support the expert's opinion under Fed.R.Evid. 702. Challenges to the foundation of a designated expert's opinion on the grounds specified in Rule 702 must be made by a joint filing according to the procedure set forth on the Court's website.

Dated this July 26, 2018.

By the Court:

_____
Gordon P. Gallagher
United States Magistrate Judge

*Exhibit A*

[Case Caption]

PROFFER UNDER FED. R. EVID. 801(d)(2) AND OBJECTIONS

SECTION 1: Government's Initial Proffer as to Conspiracy

[The Government's proffer of facts showing that (1) a conspiracy or conspiracies existed, (2) the declarant of each statement and the defendant(s) were members of the conspiracy or conspiracies, and (3) the statements were made in the course of, and in furtherance of, the conspiracy or conspiracies.]

SECTION 2: Government's Proffer as to Specific Statements

| Statement #1 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| [verbtaim recitation of statement or best possible paraphrase] | [name] | [when statement made] | [source of statement – e.g. interview with agent, intercepted phone call, etc.] | [additional explanation, if necessary, why the statement is admissible under Rule 801(d)(2)] |

| Defendant | Objections to Statement #1 |
|---|---|
| [name] | [e.g. statement made outside scope of conspiracy, statement pre-/post-dates conspiracy, etc.] |
| [name] | |

| Statement #2 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
|  |  |  |  |  |

| Defendant | Objections to Statement #2 |
|---|---|
|  |  |
|  |  |