IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-CR-331-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO DANIEL-ZEFERINO,

    Defendant.

---

### UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

---

Ricardo Daniel-Zeferino, through CJA counsel Barrett Weisz, requests that the Court grant an ends of justice continuance, exclude 45 days from the speedy trial deadlines pursuant to 18 U.S.C.§3161(h)(7)(A),(B) and reset the current trial date.  Mr. Zeferino states the following grounds:

    1.    The Court has set the following dates:

        a. Trial Preparation Conference on September 6, 2018 in Denver.

        b. Trial on September 10, 2018 in Grand Junction.

    2.    Defense counsel entered his appearance on July 21, 2018.

    3.    Defense counsel received discovery on July 30, 2018 which consists of 432 pages.

    4.    Mr. Daniel-Zeferino speaks Spanish only, so defense counsel was able to arrange an interpreter and meeting with Mr. Zeferino for the first time on August 1, 2018.

5. Defense counsel is CJA counsel of record in the United States District Court for the District of Wyoming, Case No. 18-MJ-15-ABJ, which is set for a competency hearing on September 10, 2018 in Cheyanne, Wyoming-the same day trial is set to commence in this matter. Defense counsel advised the Court of this conflict at the time of trial setting in this matter.

6. It is counsel's professional judgment that that the following, at a minimum, must be completed, but cannot be done so in the time remaining under the speedy trial deadlines and court dates:

a. Defense counsel must review and digest the discovery to determine viable defenses, formulate an investigation plan which may include issues of alienage, determine whether an immigration expert is necessary, and begin identification and preparation of pretrial motions.

b. Meetings with Mr. Daniel-Zeferino to determine whether he will accept the Government's fast track plea offer or file motions and proceed to trial.

7. In defense counsel's experience the fact that this is a Grand Junction Protocol matter may cause Mr. Daniel-Zeferino to be moved between jails on the western slope and front range resulting in potential delay in completing the necessary tasks.

8. 18 U.S.C. §3161(h)(8)(B)(i)-(iv), sets forth the factors a Court must consider in determining whether to grant an ends of justice continuance. One factor is "whether the failure to grant such a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. §3161(h)(8)(B)(i). Another factor allows an exclusion of time where "the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant

reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, considering the exercise of due diligence." Given the amount of discovery, the potential need for investigation and expert services, defense counsel's conflict with the current trial date, and the likelihood that Mr. Daniel-Zeferino will be moved between jails on either side of the District, failure to grant the requested continuance will result in a miscarriage of justice and deny counsel reasonable time for effective preparation.

9. Pursuant to *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Court must consider the following factors when presented with a motion to continue: "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance." Here, undersigned counsel has demonstrated diligence in the short time he has been counsel of record and will continue to use the same level of diligence as the case proceeds. The requested exclusion is necessary to allow counsel to review and digest discovery, conduct investigation, retain and expert research pretrial motions, and meet with the Defendant - the precise reasons for the requested continuance. The Government does not oppose this request and there is no indication that the requested exclusion would inconvenience the Government, the witnesses, or the Court. Mr. Daniel-Zeferino consents to the requested continuance and denial of the requested continuance will leave Mr. Daniel-Zeferino

without sufficient time to prepare his defense and consequently deny his constitutional right to effective assistance of counsel and right to a defense.

10. The decision to grant an ends of justice continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998).

11. Defense counsel communicated with Peter Hautzinger and is authorized to state that the Government does not oppose this Motion.

Respectfully submitted this 6th day of August, 2018.

>*/s/ Barrett Weisz*
>Barrett Weisz
>1512 Larimer Street, Suite 650
>Denver, CO 80202
>Telephone: (303) 575-9390
>Fax: (303) 575-9385
>weiszllc@gmail.com

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of August, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record

      */s/ Barrett Weisz*
      Barrett Weisz